**UNITED STATES of America, Plaintiff**

v.

**CHROMATEX, INC., et al., Defendants.**

**CHROMATEX, INC., et al., Third–Party Plaintiffs,**

v.

**CONTINENTAL WHITE CAP, INC., Third–Party Defendant.**

**No. 3:CV–91–1501.**

United States District Court, M.D. Pennsylvania.

Sept. 30, 1993.

John C. Cruden, Donna D. Dyer, U.S. Dept. of Justice, Environmental Enforcement Section, Washington, DC, Rodney Carter, U.S. Environmental Protection Agency, Region III, Philadelphia, PA, Robert J. DeSousa, U.S. Attorney's Office, Lewisburg, PA, for plaintiff.

Daniel Segal, Joseph J. Connolly, Hangley, Connolly, Epstein, Chicco, Foxman, Philadelphia, PA, for defendants and third-party plaintiffs.

David Richman, Pepper, Hamilton & Scheetz, Philadelphia, PA, for third-party defendant.

### MEMORANDUM

McCLURE, District Judge.

## BACKGROUND:

Plaintiff United States of America seeks to recover removal costs incurred as the result of a clean-up of a site consisting of 6.9 acres, located in Hazle Township and West Hazleton Borough, Luzerne County, Pennsylvania. The site was owned by defendant The Valmont Group and leased by defendant Chromatex, Inc. Chromatex operated a textile manufacturing plant at the site. In its operations, Chromatex used trichloroethylene ("TCE"). The Environmental Protection Agency ("EPA") began a removal action at the site because TCE had been "released" into the environment. The removal action lasted into 1988; the exact date it ended is the subject of the instant motions.

Before the court is a motion for partial summary judgment as to the liability of defendants filed by plaintiff, and a cross-motion for summary judgment filed by defendants.

## DISCUSSION:

█ The parties' briefs indicate that, defendants having conceded that plaintiff can establish a *prima facie* case, the sole issue to be resolved regarding this motion is the date upon which the statute of limitations began to run. The complaint having been filed on October 30, 1991, and a three-year statute of limitations applying, *see* 42 U.S.C. § 9613(g), plaintiff must have taken some action as part of its removal action after October 30, 1988, or the statute of limitations would be a bar to plaintiff's recovery.

The statute of limitations which applies to this action provides as follows:

**(g) Period in which action may be brought**

. . . . .

**(2) Actions for recovery of costs**

An initial action for recovery of the costs referred to in section 9607 of this title must be commenced—

(A) for a removal action, within 3 years after completion of the removal action, . . .

42 U.S.C. § 9613(g)(2)(a).

The question, then, is when the removal action was completed. The terms "remove" and "removal" are defined in CERCLA as:

the cleanup or removal of released hazardous substances from the environment, such actions as may be necessary [sic] taken in the event of the threat of release of hazardous substances into the environment, such actions as may be necessary to monitor, assess, and evaluate the release or threat of release of hazardous substances, the disposal of removed material, or the taking of such other actions as may be

necessary to prevent, minimize, or mitigate damage to the public health or welfare or to the environment, which may otherwise result from a release or threat of release. The term includes, in addition, without being limited to, security fencing or other measures to limit access, provision of alternative water supplies, temporary evacuation and housing of threatened individuals not otherwise provided for, action taken under section 9404(b) of this title, and any emergency assistance which may be provided under the Disaster Relief and Emergency Assistance Act.

42 U.S.C. § 9601(23).

Plaintiff contends that actions taken on three different days following October 30, 1988, constitute part of the removal action. On October 31, 1988, there was an inspection of remote water meters which had been installed at three of the homes affected by the release. On November 3, 1988, photographs were taken at the site to verify that work at the site had been performed successfully. Finally, on November 15, 1988, the final pollution report was completed by the Technical Assistance Team.

According to defendants, none of the above-described actions was a part of the removal "necessary" for any of the purposes outlined in § 9601(23). The problem with defendants' contention is the liberal interpretation given to the statute of limitations under CERCLA in favor of the government. The United States District Court for the District of New Mexico, in a very thorough analysis, set forth many of the cases dealing with this issue. *See United States v. United Nuclear Corp.*, 814 F.Supp. 1552 (D.N.M. 1992). In that case, EPA had performed a removal action at the site of uranium mining and milling operations performed by United Nuclear. EPA continued to evaluate the site and issued a record of decision ("ROD") exactly three years prior to the filing of the complaint. *Id.*, 814 F.Supp. at 1554, 1562–1563. The court held,

In accord with the policy that statute[s] of limitations are to be construed liberally in favor of the government, *see United States v. Mottolo*, 605 F.Supp. 898, 902 (D.N.H. 1985), and the broad remunerative policies

behind CERCLA, this Court finds that the statute of limitations did not begin to run until September 30, 1988, when the ROD was filed. Therefore, based on the three year statute of limitations applicable in this circumstance, the filing of the present action on September 30, 1991 was timely.

*Id.*, 814 F.Supp. at 1563.

One of the cases cited in *United Nuclear Corp., supra,* is *United States v. Rohm and Haas Co.*, 790 F.Supp. 1255 (E.D.Pa.1992), *rev'd on other grounds,* 2 F.3d 1265 (3d Cir.1993), in which the district court held, *inter alia,* that a removal is not limited to on-site removal, that is, to the actual physical work involved in eliminating the hazard caused by the release or threatened release. The removal action in that case was held to involve the continued monitoring, assessment, and evaluation of the release and threat of release at the site. *Id.*, 790 F.Supp. at 1264–1265.

In the instant case, all of the work that was performed after October 30, 1988, was clearly related to the assessment of the work that was previously done on-site. Therefore, the statute of limitations did not begin to run until the report was completed on November 15, 1988, and the complaint was filed before the statutory period expired.

█ Defendants contend, however, that there was no reason for the EPA to have waited so long to perform its work. Nothing in CERCLA requires that EPA expedite its activities for the benefit of potential defendants in recovery actions. Moreover, as stated by the Court of Appeals for the First Circuit in the context of a lien imposed by EPA, "The running of the statute of limitations is entirely within EPA's control." *Reardon v. United States*, 947 F.2d 1509, 1519 (1st Cir.1991).

In this context, defendants argue, "More particularly, we point out that the November events on which the government relies were not integral to the removal action but rather were part of an entirely separate endeavor: the satisfaction by EPA of its documentation and reporting requirements." However, the foregoing authorities tend to indicate that completion of such requirements *is* part of

the overall "removal action" process. Also, it has been held that a remedial investigation and feasibility study process, which ended with the issuance by the EPA of a ROD, was part of a removal action. *United States v. Petersen Sand and Gravel, Inc.*, No. 91 C 5835, 1991 WL 296723, 1991 U.S. Dist. WL 296723, 3 (N.D.Ill. January 2, 1992). *See also United States v. R.A. Corbett Transport, Inc.*, 785 F.Supp. 81, 82 (E.D.Tex.1990) (remedial investigation and ROD a part of removal action; not affected by four-month delay between investigation and issuance of ROD).

For all of the foregoing reasons, the court holds that the statute of limitations did not begin to run until all of the activities set forth above were completed on November 15, 1988, including the activities of October 31, 1988, and November 3, 1988. Therefore, the defense of the statute of limitations fails, and the granting of summary judgment in favor of plaintiff is appropriate. An appropriate order shall issue.

### ORDER # 1

For the reasons stated in the accompanying memorandum, IT IS ORDERED THAT:

1. Plaintiff United States of America's motion (record document no. 20) for partial summary judgment as to liability is granted.

2. Defendants' cross-motion (record document no. 29) for partial summary judgment as to liability is denied.

3. The clerk shall defer entry of judgment pending a determination of the amount of plaintiff's recovery.